UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Criminal Case No: 20-20529
    Honorable Linda V. Parker

DEANDRE FRANKLIN,

    Defendant.
_____

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S "MOTION "FOR CREDIT FOR TIME SERVED AND TRANSFERRING MOTION**

On October 5, 2021, Defendant Deandre Franklin pleaded guilty pursuant to a Rule 11 Plea Agreement to felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*See* ECF No. 37.) This Court sentenced Franklin to twenty-four months imprisonment on March 22, 2022, and Judgment was entered the following day. (ECF No. 53.) On November 23, 2022, this Court received a letter from Franklin in which he seeks credit for the time he spent detained—beginning October 6, 2020—until his sentencing. (ECF No. 55.) The Court construes Franklin's letter as a pro se motion for credit for time served pursuant to 18 U.S.C. § 3585. Franklin is incarcerated at the Bureau of Prison's Hazelton Federal Correctional Institution ("Hazelton FCI"). See *https://www.bop.gov*.

1

Section 3585 states, in relevant part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

>(1) as a result of the offense for which the sentence was imposed; or

>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that is not been credited against another sentence.

18 U.S.C. § 3585(b). In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court held that the United States Attorney General, through the Bureau of Prisons, is empowered to calculate credits after the prisoner begins to serve his or her sentence. *Id.* at 332-33. A federal district court, however, may grant a prisoner claiming the miscalculation of sentencing credits habeas relief pursuant to 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335; *see also United States v. Smith*, No. 97-3032, 1998 WL 246404 at *1 (6th Cir. 1998) ("A prisoner may seek administrative review of the computation of this credit, and when he has exhausted his administrative remedies, may then seek judicial relief") (internal citations omitted).

Jurisdiction for a petitioner challenging the execution of his sentence lies in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has

been confined by Congress through 28 U.S.C. [Section] 2241 to those district courts within whose territorial jurisdiction the custodian is located."); *Mathis v. Merlak*, No. 16-cv-14211, 2016 WL 7157403, at *1 (E.D. Mich. Dec. 8, 2016) (same).

Hazelton FCI, where Franklin currently is in custody, is located in Bruceton Mills, West Virginia. Jurisdiction over Franklin's request resides with the district court having jurisdiction over the warden of that facility, and not the District Court for the Eastern District of Michigan.

Accordingly,

**IT IS ORDERED** that Franklin's request for credit for time served (ECF No. 55) is **TRANSFERRED** to the United States District Court for the Northern District of West Virginia.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 10, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 10, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager